SAMUEL, Judge.
In 1957 and during a part of 1958 defendant, sole proprietor of a corner grocery store in the City of New Orleans, purchased merchandise from the plaintiff, a wholesale grocer. In June of 1958 defendant incorporated his business, a fact known to plaintiff which then made sales to the corporation. The corporation was dissolved in November of 1959, the defendant being named as liquidator, and notice of the dissolution was duly filed of record on December 15, 1959. Thereafter defendant continued to operate the business and made further purchases from plaintiff, which was aware of the dissolution, until termination of the business in 1960 as a result of city *842 action in connection with unpaid sales taxes.
At the time notice of dissolution was filed on December IS, 1959 the balance due and owing by the corporation to plaintiff was $3,120.50. During defendant’s operation of the business after December 15, 1959 and until the business was closed, he purchased several thousand dollars of merchandise from plaintiff and paid plaintiff several hundred dollars in excess of the total amount of such purchases. As of December 15, 1959 plaintiff had opened a new account on their books in the name of defendant as an individual and had transferred to that account, as the first item thereon, the full amount of the indebtedness owed by the corporation. Plaintiff applied all payments made after December 15, 1959 to this new account, thus in effect applying all payments first to the corporation’s indebtedness, which allegedly was thus paid in full, and the balance to the defendant’s individual indebtedness.
This suit is for the balance due under the new account. There is no dispute regarding the mathematical correctness of the amount in suit, the defense being on other grounds. Defendanfhas prosecuted this appeal seeking reversal of the trial court judgment in favor of plaintiff as prayed. He does not seek recovery of that portion of the payments made by him to plaintiff subsequent to December 15, 1959 which was in excess of the individual indebtedness arising subsequent to that date and concedes that he is not entitled to such a recovery.
Four witnesses testified during the trial, three for plaintiff and one for defendant. Plaintiff’s witnesses were its employees and included the salesman who contacted the defendant weekly and made the sales upon which this suit is based, a manager and a credit manager. The salesman, Adams, testified the defendant had informed him orally, that- he, the defendant, was responsible for the corporation’s indebtedness and had authorized the application of all pay- ; ments to the oldest “bills”, i. e., the cor- - porate debt, which the defendant wanted to pay first. The manager and credit manager testified the defendant had informed them, also orally, that he was going to pay the corporation’s debt.
The defendant’s testimony is that after the corporation went into liquidation he continued to operate the business, as liquidator and not as an individual, for the purpose of paying the debts of the corporation. He denied giving plaintiff authority or permission to apply the payment to the corporation’s debt but admitted he felt morally obligated to pay that debt. During the course of his testimony he made some admissions, consistent to some extent with his contention that he operated the business as liquidator, but indicative of the fact that he had consented to and authorized the imputation of payments to the corporate debt.
The defense, based upon LSA-C.C. Art. 2278(3) providing that parole evidence shall not be received to prove any promise to pay the debt of a third person, is that all payments made after December 15, 1959 should first be imputed to defendant’s individual indebtedness. The only questions raised by the defense are these two questions of fact: (1) After December 15, 1959 did defendant operate the business as an individual or as liquidator of the corporation? and (2) If he operated as an individual, did he consent to and authorize imputation of payments made after December 15, 1959 to the corporation’s indebtedness first and to his individual indebtedness only after the former had been paid in full?
The trial court must have decided that the defendant operated the business for himself, and not as liquidator of the corporation, after December 15, 1959. Considering the entire record, we agree with this finding of fact. The trial court also must have decided the second question in the affirmative and we also agree with that finding.
*843 We are satisfied that at the time the new account was opened and the defendant began the operation of the business for himself he authorized and consented to the application of the payments first to the corporate indebtedness. Thereafter he made numerous payments, usually at weekly or shorter intervals, on the account which was rendered in his name as an individual and which included, as the first entry thereon, the corporation’s indebtedness. Defendant knew, or should have known, how these payments were being applied. At least the record contains no showing to the contrary. And the record contains no showing that the defendant ever withdrew or questioned the consent and authority originally given by him.
For the reasons assigned, the judgment appealed from is affirmed; cost of this appeal to be paid by the defendant-appellant.
Affirmed.